UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,         No. 20-20414

    Plaintiff,                                  Honorable Sean F. Cox

vs.

DEMARQUINN RAGLAND,

    Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

In the summer of 2020, the defendant, Demarquinn Ragland, had a pending warrant for his arrest for a parole violation due to charges relating to his possession of a gun and drugs in May 2020. On August 3, 2020, Jackson County Sheriff's Office deputies saw Ragland standing on the street, and began to pursue him. Ragland ran, and the deputies called in back up to help find him. He was eventually found hiding in a doghouse and was arrested. Inside that doghouse, the deputies found 49 methamphetamine pills, and, along the track that he fled, a 9mm Glock firearm with an extended magazine loaded with 34 rounds of ammunition. With a history of multiple felony convictions, Ragland's possession of this gun was illegal. Aggravating that already serious offense, upon examination this gun

1

was found to be equipped with a "selector switch," which allowed for the gun to be fired in fully automatic mode. Test fires showed that in automatic mode the gun could fire off a full standard magazine in a matter of a few seconds, with one pull of the trigger. This classified the gun as a "machine gun" under federal law.

As noted, Ragland's arrest in this matter was not his first contact with the criminal justice system. He has a substantial criminal history, with multiple prior felony convictions, and he is a Criminal History VI under the United States Sentencing Guidelines. As detailed in the PSR, Ragland's criminal history is one of violence, and continual failure to comply with court supervision.

On June 3, 2022, Ragland entered a plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C § 922(g), and possession of a machinegun, in violation of 18 U.S.C. § 922(o). His advisory guidelines sentencing range recommends a term of imprisonment of between 130 and 162 months. Given Ragland's demonstrated inability to cease committing new criminal offenses, and the significantly aggravated version of gun possession by a felon that this case represents, the government recommends at term of imprisonment of 144 months, to be followed by a term of supervised release of 3 years.

## I.  Sentencing Guidelines and 18 U.S.C. § 3553(a)

The PSR in this matter correctly calculates Ragland's offense level to be 27, following acceptance of responsibility, with a Criminal History Category of VI. Ragland's final guidelines sentencing range is 130-162 months of imprisonment. Because Counts 1 and 2 are distinct criminal offenses, any terms of imprisonment can be run consecutive to one another to achieve the total punishment, per USSG § 5G1.2(d).

Pursuant to 18 U.S.C. § 3553(a), the Court must fashion a sentence sufficient but not greater than necessary to meet the statutory purposes of sentencing. Though the guidelines range must be considered in arriving at an appropriate sentence, so, too, must the sentencing factors at 18 U.S.C. § 3553(a).

The sentencing factors discussed below, which the government believes are the most immediately relevant factors in this matter, suggest that a sentence of imprisonment of 144 months, followed by a 3-year term of supervised release, is the appropriate sentence.

### A. Nature and Circumstances of the Offense

In any circumstances, illegal possession of a firearm by a person with a criminal history such as Ragland's is a serious offense. He has been convicted of multiple felonies, including violent felonies such as assault with a dangerous weapon (PSR ¶ 51), home invasion (PSR ¶ 45), and even possession of a weapon as a prisoner (PSR ¶ 52). As detailed in the PSR, he has a history of violent outbursts, and all attempts to control his behavior during terms of parole have been ineffective.

Ragland is among the last individual that should be in the community possessing weapons. But Ragland quite clearly has a fascination with firearms, posting videos and images to social media dancing with guns, and having on multiple occasions fled from the police with guns and sometimes drugs even separate and apart from the instant offense. (See PSR ¶¶ 37-44).[1] Over and over again he has violated the law and possessed guns despite his criminal history.

---

[1] The government concedes that the events recounted in these paragraphs of the PSR ought not be included into guidelines calculations. Nevertheless, this information is appropriate to be considered for sentencing purposes, as 18 U.S.C. § 3661 establishes that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

But what especially aggravates this sentencing factor is that Ragland didn't possess any regular gun in this matter. First, the firearm he possessed had a substantially extended magazine, and was loaded with 34 rounds of ammunition. Second, and most concerning, this gun had an after-market alteration, a "switch," that rendered it capable of firing automatically. So, those 34 rounds of ammunition with which it was loaded could be fired with a single trigger pull, all unleashed in a matter of a few seconds. The significance of this fact is represented by the fact that Ragland stands convicted of two separate offenses for the same firearm – it's possession as a felon, and its possession while having these characteristics of a machinegun under federal law. And this is properly so. This firearm was a remarkably dangerous item to have on the street, and, even worse, Ragland is quite possibly one of the last people that anyone would want possessing this or any other gun.

### B. History and Characteristics of the Defendant

In this matter, the nature and circumstances of Ragland's offenses bleed over into evaluating his history and characteristics because of his pattern of criminal conduct. Ragland has a significant criminal history. Since becoming an adult in 2009, he has 8 criminal convictions, something he somehow accomplished while being incarcerated for the large bulk of the years between 2009 and the present

date. His behavior while on parole during several brief periods of release between 2009 and 2020 (his arrest on this matter) is hard to summarize, other than to say it was a series of failures with new criminal offenses over and over again, including committing the instant offense while on parole. (PSR ¶ 45). Even while incarcerated, he was out of control and violent, with 26 misconduct violations (Id.), and a criminal offense (and conviction for) possession of a "shank." (PSR ¶ 52). He also reports that while incarcerated he joined the Vice Lords gang (PSR ¶ 74), a notorious prison and street gang with an earned reputation of violence. And a review of the PSR shows that Ragland has struggled to contain his behavior his entire life, with multiple juvenile delinquency adjudications. (PSR ¶ 69).

### C. Need for the Sentence Imposed to Afford Adequate Deterrence

Ragland's history shows that he is remarkably difficult to deter from criminal activity. Despite a string of convictions and prior criminal justice consequences, he has only escalated his criminal activities. The instant offenses were committed while he was on parole, they are of a similar nature to many past offenses, and Ragland has demonstrated zero ability to comply with the law even when under supervision in the community, and even while incarcerated.

### III. Conclusion

The sentencing factors in this matter suggest, on balance, that Ragland should face a custodial prison sentence of 144 months. He is out of control and dangerous. He has demonstrated over and over again that he cannot be deterred, short of incarceration – and, even then, he'll continue to re-offend. The safety of the community demands that he be incarcerated for a substantial period of time.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Brant Cook*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
brant.cook@usdoj.gov
(313) 226-9756

Dated: October 7, 2022

CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will automatically serve all parties of record.

*s/Brant Cook*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
brant.cook@usdoj.gov
(313) 226-9756